IRWIN McGLASTER, JR. v. THE STATE.

No. 6363.　Decided November 30, 1921.

1.—Theft—Corpus Delicti—Extra-Judicial Confession—Insufficiency of the Evidence.

Where, upon trial of theft, the confession was an extra-judicial one, it was not sufficient alone to establish the *corpus delicti,* and upon trial of theft there was no evidence that deceased lost any money or had any money beyond that found in his purse, the same was insufficient to sustain the conviction.

2.—Same—Accomplice—Corroboration—Insufficiency of the Evidence.

Where upon trial of theft there was no corroboration of the accomplice's testimony, and no corroboration of the *corpus delicti,* the conviction could not be sustained.

Appeal from the District Court of Falls.　Tried below before the Honorable Prentice Oltorf.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Frank Oltorf* and *W. E. Rogers,* for appellant.—On question of confession and *corpus delicti:*　Eckert v. State, 9 Texas Crim. App., 105.

*R. H. Hamilton,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for theft; punishment fixed at confinement in the penitentiary for a period of two years.

Appellant was a servant in a hospital.　Schoot, the alleged owner, was brought late in the afternoon into the hospital in an unconscious condition and there remained until his death.　He was undressed by the appellant and his clothes put in a closet.　The appellant left at about six o'clock in the evening and returned at about the same time the next morning. About an hour and a half later, the nurse discovered a purse containing $74 upon the bed of the deceased.　This purse, she

said, had not been there during the night nor on the previous evening.

The State's theory appears to be that the purse was placed there by the appellant after his return to the hospital on the morning following the entry of Schoot; that in addition to the $74 there had been $135 abstracted by the appellant from the purse or the clothes of Schoot. This theory is supported, in a measure, by the testimony of Allen, the owner of the hospital, whom, on account of his suppressing the crime and other facts not necessary to mention, the trial court regarded as an accomplice witness requiring corroboration, and so instructed the jury.

Allen said:

"The next morning Miss Simmons, the night nurse, came to me, and I called the negro in and told him he had stolen the money and told him he had to get it back; he denied it at first and I told him he was lying and I made it a point to go to his house and get it and bring it to the bank; he wanted to go by himself and I would not let him. I took him in my car and went down to his house and he got part of the money and we came back by Holloway Brothers and he turned back the whole $135 to me, and that was the amount the man was short."

This witness had made no examination of the clothes and had no personal knowledge of there being any money in the possession of Schoot. He further stated:

"This money that I got from McGlaster, I don't know where he got it, only from his admission—he admitted he got it. This money I got from McGlaster, I only examined in a general way; I counted the bulk of the money and it was $135."

The sufficiency of the evidence to establish the *corpus delicti* and to corroborate the accomplice witness is challenged. The *corpus delicti* was the taking of the property without the consent of the owner, and the extra-judicial confession of the accused, while not sufficient to establish the *corpus delicti,* was available to aid in its proof. Johnson v. State, 29 Texas Crim. Rep., 464. The testimony of the accomplice is to the effect that he told appellant he had stolen the money; that the appellant denied it but afterwards surrendered $135 to the witness. He said that the next morning Schoot roused up and asked for his money but admitted that of this he had no personal knowledge; that he had not entered the room nor seen Schoot. He did not testify that the nurse, Miss Simmons, had told him that the deceased had lost any money. We gather from his testimony the inference that he received such information from the nurse, though in this she did not corroborate him. The extent to which her testimony goes, is to show that the deceased came into the hospital in an unconscious condition; that the appellant undressed him; that she had no knowledge of the possession of money by the deceased and saw none on his person or about his person until the following morning after the appellant returned; that at that time she found upon the bed a pocket book which had not previously been there, and which contained $74; that appellant's prox-

imity to Schoot was such that he might have deposited the purse. She testified, however, that the other employees consisted of two maids, a nurse and another boy besides the appellant, though her testimony tends to negative the presence of these in the room on the morning the purse was found. She disclaimed any knowledge of the clothes or of the possession of money by Schoot other than the $74 found in the purse.

If it was proved that appellant took any money from the deceased, the evidence comes alone from the witness, who was treated by the court as an accomplice. In other words, the only evidence of sufficient cogency to show that the appellant took any money from the deceased is his admission or confession, and this is proved alone by the testimony of the accomplice. To that fact there is no corroboration of the accomplice testimony, and for that reason the evidence to prove the *corpus delicti* is insufficient. It is also insufficient for the additional reason, namely, that if the confession was proved, it being an extrajudicial one, it would not alone establish the *corpus delicti*. Aside from the alleged confession, we find no evidence that the deceased lost any money or had any money beyond the $74 which was found in the purse.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*